UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case Number 08-20520-12
                                                Honorable David M. Lawson

v.

MICHAEL FRANKLIN,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

On June 10, 2009, the defendant pleaded guilty to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (count 1), conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base (count 2), and conspiracy to unlawfully use a communication facility to commit a drug trafficking offense (count 26). On February 25, 2010, the Court sentenced the defendant to 150 months imprisonment on counts 1 and 2 and 48 months on count 26, to be served concurrently. Due to the defendant's extensive criminal history, the career offender sentencing enhancement under 18 U.S.C. § 851(a) applied to his sentence, and the defendant was subject to a mandatory minimum sentence of Life on counts 1 and 2 and a statutory maximum sentence of 48 months on count 26. However, the government filed a motion for downward departure under U.S.S.G. § 5K1.1. The Court granted the government's motion and therefore imposed the much lower term of imprisonment at sentencing.

Now before the Court is the defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c). The defendant argues that he is entitled to have his sentence reduced based on Amendment 782 to the United States Sentencing Guidelines, which retroactively reduced the base

offense level of many drug crimes. "The Department of Justice's 'Drugs Minus Two' sentencing policy [was] adopted under then-Attorney General Eric Holder and codified in the Guidelines through Amendment 782, effective November 1, 2014," and "[p]ursuant to that policy, the base offense level of many, but not all, drug crimes was retroactively reduced by two." *United States v. Powell*, 798 F.3d 431, 442 (6th Cir. 2015) (citations omitted).

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added). The defendant did not include a brief with his motion, but the Court will assume that he contends he is entitled to a sentence reduction because the Court substantially departed from the career offender guidelines, because he was sentenced based on the crack cocaine guidelines rather than the career offender guidelines, and because the Sentencing Commission reduced the crack cocaine guidelines and made them retroactive.

In *Powell*, the Sixth Circuit noted that the retroactive offense level reduction under Amendment 782 does not apply to a defendant whose sentencing guidelines were driven by his career offender status. 798 F.3d at 442 ("Powell would have been eligible for this two-level reduction but for his career-offender status."); *see also United States v. Steel*, 609 F. App'x 851, 856 (6th Cir. 2015) ("[T]he § 4B1.1(b)(3) career-offender offense level controls because it is greater than the drug-quantity offense level under Guideline Amendment 782."). The Sixth Circuit previously

has held, considering an analogous retroactive guideline reduction under Amendment 706, that a defendant is not entitled to benefit from the guideline change if he was classified as a career offender, even if the court grants a downward departure based on substantial assistance. *United States v. Perdue*, 572 F.3d 288, 290-92 (6th Cir. 2009).

The Court believes that the defendant's motion is governed by the precedent set forth in *Powell* and *Perdue*. Because the defendant's sentence is based on the career offender guidelines and not a sentencing guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) [dkt. # 465] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 19, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 19, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI